Thomson, P. J.
Mandamus to compel the appellants (respondents below) who constituted the committee upon public improvements of the board of supervisors of the city of Denver for the year 1895, to deliver to the relators, a majority of the committee on public improvements of the same body, for the year 1896, a bill for an ordinance authorizing certain grading, curbing and paving, and which had in the former year been referred *87 to the old committee. An alternative writ issued, which, upon the hearing, was made peremptory, and the respondents appealed.
The printed argument filed for the respondents, and labeled “Brief of Appellants’ Attorney,” assures us that the court committed grave error on questions of law at the trial of the case, but what questions were erroneously decided, and in what the supposed errors consisted, no effort is made to inform us. Neither is the assignment of errors any more specific. It alleges error in a general way, but, except in one instance, it does not attempt to point us to anything, and in that one instance an examination of the spot to wliich it directs our attention, discloses nothing. It alleges that the court “erred in overruling and denying the respondents’ motion to quash the writ and dismiss the petition, and render judgment for the respondents on the pleadings as prayed for, upon the reasons stated in said motion.” No such motion, and no such ruling, is mentioned in the printed abstract of the record, prepared and filed for the appellants. Therefore in undertaking to find what, if any, errors were committed by the court, we are entirely without assistance from the parties asserting them. We have, however, examined the abstract, and have only to say that if it contains errors they are not obvious.
It is provided by the amended charter of the city of Denver, approved April 8, 1893, that on the first Tuesday in April, 1893, and every two years thereafter, an election shall be held in every precinct of the city, by the qualified electors thereof, for the election of a president and four other members of the board of supervisors, and in each ward of the city for an alderman from such ward, and that the officers thus elected shall hold their office for the term of two years from the Tuesday succeeding such election. The charter further provides that the board of supervisors and the board of aider-men shall constitute the city council, in which the legislative power of the city shall be vested; that the president of each board shall preside at all meetings of his board, and shall ap *88 point all committees, and that no ordinance shall be passed except by bill, and no bill shall be considered until the same shall be reported upon by a committee. Session Laws, 1893, pp. 138, 139, 141, 190.
On the 13th day of April, 1893, the rules of order of the board of supervisors, which appear to have been adopted in 1885, and were in force at the time of the enactment of the amended charter, were readopted so far as applicable to the new conditions, and on the 14th day of April, 1894, these rules were amended so as to require the appointment of the standing committees to be made annually. At the annual city election on the first Tuesday in April, 1895, the relator, Burpee, was elected president of the board of supervisors, and on the 11th day of April, 1895, appointed the standing committees of his board for the ensuing year, among which was the committee on public improvements, consisting of the respondents. During that year, a bill for an ordinance, providing for certain grading, curbing and paving, having been passed by the board of aldermen, was transmitted to the board of supervisors, and by the latter board referred to the respondents as the committee on public improvements. This committee never acted upon the bill. Afterwards, in the following April, the relator, Burpee, as president of the board of supervisors, appointed the standing committees of that board for the year commencing April 16, 1896. The committee upon public improvements, so appointed, was composed of the relators Scobey and Burpee, and the respondent Schmidt. Scobey and Burpee of the new committee, demanded of the members of the old committee, possession of the bill for grading, curbing and paving, upon which the old committee had made no report, but those persons refused to deliver it to them. Schmidt did not join with his associates in their proceeding to obtain the bill, but, having been also a member of the old committee, he cast his fortune with it, and acted, with the respondents, Buckton and Phister, in resisting the demand. It is for this reason that he appears as a respondent.
*89 We discover no irregularity in the appointment of the committee upon public improvements for the year 1896. The rules which the board of supervisors had adopted required that committee to be appointed each year, and by the terms of the charter the power to appoint all committees was lodged in the president. The new committee, upon its appointment, became entitled to receive from the members of the old committee all bills of ordinances which had been referred to it, and upon which it had taken no action, and those persons had no right or authority to withhold the bill in question.
The answer of the respondents set up a resolution of the board of supervisors, adopted April 27,1896, which provided that the standing committees appointed by the president on April 11, 1895, should be recognized as the standing committees of the board, and should serve until the expiration of the term of office of the members of the board. This resolution was signed by the president, and attested by the secretary of the board. The replication admitted the adoption of the resolution as alleged, but averred that it was of no effect. Our opinion is that it was altogether nugatory. It was the act of the board, and not of the president, and it was not in the power of the board to deprive him of the authority with which he had been clothed by the statute. By the terms of the charter, no bill could be considered until reported upon by a committee; the only legal committees were those appointed by the president, and an ordinance passed upon a report from some other committee, not of Ms appointment, would be of at least questionable validity. The old committee had ceased to exist, and, when the demand was made, the only committee with authority to act upon bills, was the one appointed in April, 1896.
Our conclusion is that the judgment of the court, awarding to the relators a peremptory writ of mandamus, was in accordance with law, and we therefore affirm it.

Affirmed.